UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TED L. WINSLOW, | ) |
| | ) CASE NO. C10-0263-JLR |
| Plaintiff, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| MARION FEATHER, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## INTRODUCTION

Plaintiff Ted L. Winslow proceeds *pro se* and *in forma pauperis* in this civil rights action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). He alleges a violation of his civil rights through the failure to repair or replace two broken hearing aids. Defendants Marion Feather, Warden of the Federal Detention Center (FDC) at SeaTac, and Dr. M. Aslam, FDC Medical Director, filed a motion to dismiss on the ground that plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Dkt. 14.)

Plaintiff did not respond to defendants' motion. The Court construes this failure to

REPORT AND RECOMMENDATION
PAGE -1

respond as an admission that the motion has merit. CR 7(b)(2). The Court further finds, having considered the motion and supporting documents, as well as the balance of the record in this matter, that defendants' motion should be granted and this case dismissed without prejudice for failure to exhaust.

## BACKGROUND AND DISCUSSION

Although defendants move for dismissal based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), their motion is properly brought as an unenumerated Rule 12(b) motion to dismiss for failure to exhaust nonjudicial remedies as required by the PLRA. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In considering whether plaintiff exhausted his administrative remedies, the Court may consider documents beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20, 1120 n.14.[1] If the Court concludes plaintiff failed to exhaust his nonjudicial remedies, his claims should be dismissed without prejudice. *Id.* at 1120.

Under the PLRA:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion allows for the internal resolution of complaints, reduction of litigation, and, where complaints are not internally resolved, the preparation of a useful record. *Jones v. Bock*, 549 U.S. 199, 219 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 88-91

---

[1] If a court looks beyond the complaint to decide exhaustion issues, a plaintiff must have "fair notice" of his right to develop a record. *Wyatt*, 315 F.3d at 1120 n.14. The Court provided plaintiff with the requisite notice. (Dkt. 17.)

REPORT AND RECOMMENDATION
PAGE -2

(2006) and *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002)). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id*. at 211. An inmate must properly exhaust a complaint, meaning "that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 93). Exhaustion applies to all actions relating to prison conditions, including those brought pursuant to *Bivens*. *Porter*, 534 U.S. at 524, 532 ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.")

The federal Bureau of Prisons ("BOP") utilizes the Administrative Remedy Program (ARP) to process prisoner complaints. 28 C.F.R. §§ 542.10-542.19; (Dkt. 15, ¶4.) The ARP has four levels of review. A prisoner must first seek informal resolution by submitting an informal request to a staff member at the institution. 28 C.F.R. § 542.13(a). If dissatisfied with the response, a prisoner must then file a formal complaint, or Request for Administrative Remedy, with the Warden of the institution in which he is confined. *Id*. §§ 542.13, 542.14. If the institution issues an unfavourable response, the inmate must appeal the decision with the BOP Regional Director. *Id*. at § 542.15(a). If dissatisfied with the Regional Director's response, the inmate must appeal the decision with the BOP's Central Office/General Counsel. *Id*. An administrative appeal is not deemed exhausted until considered on the merits by the Central Office. (Dkt. 15, ¶4.); 28 C.F.R. § 542.15(a) ("Appeal to the General Counsel is the final administrative appeal.")

Plaintiff states that his two hearing aids stopped functioning in June 2009, impacting his

REPORT AND RECOMMENDATION
PAGE -3

ability to function in a variety of ways.  (Dkt. 6 at 3.)  He asserts that he notified a guard and the medical department, asking that the hearing aids be repaired, and submitted numerous "cop outs", or informal resolution requests, to Dr. Aslam regarding his hearing aids.  (*Id.*)  Records submitted by plaintiff reveal that the previous warden of the FDC informed plaintiff, in August 2009, that the BOP "does not fix inmate's personal property[]" and that, in September 2009, the BOP concluded that replacement and/or repair of plaintiff's hearing aids was deemed not "'Medically Necessary'" and declined for funding.  (*Id*. at 5-6.)

Defendants confirm the denial of plaintiff's requests for repair or replacement of his hearing aids due to the conclusion that, while "somewhat impaired," plaintiff's hearing is functional.  (Dkt. 15, ¶6.)  Defendants note, however, that arrangements were made, in October 2009, to replace or repair one of plaintiff's hearing aids at no cost to plaintiff because it was still under warranty, that he received this hearing aid in December 2009, and that the FDC Health Services Department regularly supplies replacement batteries for hearing aids.  (*Id*., ¶7 and Ex. E.)  Defendants argue that, in any event, plaintiff never exhausted his administrative remedies in relation to this issue.  That is, while plaintiff filed one or more informal requests seeking resolution, he failed to pursue his claims beyond those informal requests.  (*See* Dkt. 6 at 2 and Dkt. 15, ¶5 and Attach. C.)

As argued by defendants, it is apparent that plaintiff did not exhaust his administrative remedies.  Plaintiff failed to answer a question in the form complaint he submitted asking whether he had completed the grievance process, and he gave no indication in the statement of his claim that he pursued more than informal attempts at resolution.  (Dkt. 6 at 2-3.) Documentation submitted by defendants confirms that plaintiff did not pursue any formal

REPORT AND RECOMMENDATION
PAGE -4

administrative remedy. (Dkt. 15, ¶5 and Attach. C.) Plaintiff, therefore, failed to properly exhaust his administrative remedies. *See* 28 C.F.R. §§ 542.13 – 542.15. Given the failure to exhaust, plaintiff's claims are subject to dismissal without prejudice. *See* 42 U.S.C. § 1997e(a); *Jones*, 549 U.S. at 219; and *Wyatt*, 315 F.3d at 1120.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (Dkt. 14) should be granted and this action dismissed without prejudice for failure to exhaust administrative remedies. A proposed Order accompanies this Report and Recommendation.

DATED this 21st day of October, 2010.

Mary Alice Theiler
United States Magistrate Judge